

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

2010 MAR 30 PM 2: 32

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BILL OF INFORMATION FOR CONSPIRING
TO OBSTRUCT JUSTICE AND MISPRISION OF FELONY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL DOCKET NO. 10-086 |
| v. | * | SECTION: SECT. R MAG 1 |
| MICHAEL HUNTER | * | VIOLATIONS: 18 U.S.C. § 371 |
| | | 18 U.S.C. § 4 |
| | * | |

\* \* \*

The United States Attorney charges that:

## COUNT 1

**A.  AT ALL TIMES MATERIAL HEREIN:**

1. Defendant **MICHAEL HUNTER** was an Officer with the New Orleans Police Department (NOPD).

2. On September 4, 2005, in the wake of Hurricane Katrina, defendant **HUNTER** and other officers assigned to NOPD's Seventh District reported to work at a temporary station at the Crystal Palace on Chef Menteur Highway.

3. On September 4, 2005, in response to a radio call that officers on the I-10 high-rise bridge had taken fire, defendant **HUNTER** drove a large Budget rental truck carrying several other NOPD

___Fee _____
___Process _____
_x_ Dktd _____
___CtRmDep _____
___Doc. No. _____

officers, including at least four officers and two sergeants, from the Crystal Palace to the nearby Danziger Bridge. On the east side of the Danziger Bridge, **HUNTER** and other NOPD officers in the Budget truck encountered six civilians (five members of the B. Family, and J. B., a friend of the B. Family), who were walking across the bridge to get food and supplies from a supermarket. Officers fired at the group of civilians, killing J. B. and seriously injuring four members of the B. Family. Defendant **HUNTER** and other officers then traveled to the west side of the bridge, where they pursued Lance and Ronald Madison, who were crossing the bridge to check on the dentistry office of one of their other brothers. On the west side of the bridge, an officer shot and killed Ronald Madison, a 40-year-old severely disabled man.

4. Following the shootings on the bridge, an NOPD sergeant (the Investigator) was assigned to investigate the incident.

5. In 2006, the Orleans Parish District Attorney's Office and a state grand jury began investigating the Danziger Bridge incident. At the same time, the FBI had an open case regarding the Danziger Bridge shootings and was monitoring the state investigation and prosecution.

6. In 2008, the state criminal investigation ended, with no finding of any person's guilt or innocence, and the matter was turned over to the federal government for further investigation.

7. Each of these allegations is hereby referenced and incorporated into each count of this Information.

**B.    THE OFFENSE**

From on or about September 4, 2005, through at least October 25, 2006, in New Orleans, in the Eastern District of Louisiana, defendant **MICHAEL HUNTER** wilfully combined, conspired,

and agreed with other NOPD officers, including, among others, Lieutenant ML, Detective JL, the Investigator, and other officers from the Budget truck, to commit the following offenses against the United States:

    a. to knowingly falsify and make a false entry in a document with intent to impede, obstruct, and influence the investigation and proper administration of a matter within federal jurisdiction, and in relation to and in contemplation of such a matter, in violation of Title 18, United States Code, Section 1519; and

    b. to knowingly engage in misleading conduct toward another person with intent to hinder, delay, and prevent the communication of truthful information to a federal law enforcement officer and judge of information relating to the commission and possible commission of a federal offense, in violation of Title 18, United States Code, Section 1512(b)(3).

### Plan and Purpose of the Conspiracy

It was the plan and purpose of the conspiracy that the defendant and his co-conspirators would provide false and misleading information about the September 4, 2005 shootings on the Danziger Bridge and would cover up other information in order to ensure that the shootings would appear to be legally justified and that the involved officers would therefore be shielded from liability. It was further the plan and purpose of the conspiracy that the officers and sergeants involved in the shooting would provide false and misleading statements about the shooting and would provide false and misleading information when questioned; that the Investigator would write a false and misleading report and would provide false and misleading information when questioned; and that all of the co-conspirators would refrain from conducting a true investigation of the incident. It was

also part of the plan and purpose of the conspiracy that defendant **HUNTER** would assist his co-conspirators, including the Investigator and the sergeants involved in the shooting, in articulating false stories that would make it appear as if the civilians who were shot on the bridge had fired first at officers, and that the officers had been justified in shooting the civilians.

### Overt Acts

In furtherance of the conspiracy, and to effect the objects thereof, defendant **HUNTER** and his co-conspirators committed the following overt acts, among others, in the Eastern District of Louisiana:

Officers' False and Changing Stories

1. From on or about September 4, 2005, through on or about October 25, 2006, defendant **HUNTER** and other officers discussed the stories that the shooters would tell about what happened on the bridge.

2. In or about September 2005, the Investigator and the supervisors involved in the shooting met with shooters to discuss the stories they would tell about the incident.

The Meeting and the Taped Statements

3. On or about January 25, 2006, prior to giving a formal, audiotaped statement, defendant **HUNTER** attended a meeting called by the Investigator. The meeting, attended by defendant **HUNTER** and the other shooters (except for one who had resigned from NOPD), was held in the abandoned and gutted-out Seventh District station. At the meeting, the Investigator instructed the shooters to make sure they had their stories straight before they gave their formal statements on tape.

Sergeant A then took the lead in explaining the false story he would tell to justify the shooting, and the other officers discussed what they would say in order to remain consistent with that story.

4. Immediately after the meeting, defendant **HUNTER** met with homicide detectives and provided a false account of the shootings that was consistent with the false stories the shooters had just discussed.

<u>False Statements to a State Grand Jury</u>

5. On October 25, 2006, defendant **HUNTER** provided testimony to a state grand jury. During that testimony, **HUNTER** again provided a false account of the shootings and continued to cover up what had happened on the Danziger Bridge on or about September 4, 2005.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2

From on or about September 4, 2005, until in or about March, 2010, in the Eastern District of Louisiana and elsewhere, the defendant, **MICHAEL HUNTER**, having knowledge of the actual commission of felonies cognizable by a court of the United States, did conceal the same from law enforcement and did not as soon as possible make the illegal activity known to a judge, agent, or other person in civil or military authority under the United States.

Specifically, the defendant, then a police officer with NOPD, knew that police officers had used excessive force, in violation of Title 18, United States Code, Section 242, and that these civil rights deprivations had resulted in bodily injury and death to civilians on the Danziger Bridge in New

Orleans on September 4, 2005. The defendant concealed these crimes, and provided false statements to investigators.

All in violation of Title 18, United States Code, Section 4.

JIM LETTEN
United States Attorney
Louisiana Bar Roll No. 8517

JAN MASELLI MANN
First Assistant United States Attorney
Louisiana Bar Roll No. 9020

BARBARA (BOBBI) BERNSTEIN
Deputy Chief, Civil Rights Division
**FORREST CHRISTIAN**
Trial Attorney, Civil Rights Division
United States Department of Justice

JULIA K. EVANS
Assistant United States Attorney

New Orleans, Louisiana
March 30, 2010

No. _____

# United States District Court

FOR THE

EASTERN _____ DISTRICT OF _____ LOUISIANA

UNITED STATES OF AMERICA

vs.

MICHAEL HUNTER

BILL OF INFORMATION FOR
CONSPIRING TO OBSTRUCT JUSTICE
AND MISPRISION OF FELONY

Violation(s):  18 U.S.C. 371
               18 U.S.C. 4

Filed _____, 20 10

_____, Clerk.

By _____, Deputy

Julia K. Evans

*Assistant United States Attorney*